UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIANA CASTANEDA and SARAI CASTANEDA,<br><br>Plaintiffs<br><br>v.<br><br>ALEX MILANO and SUPERIOR OVERNIGHT SERVICES, INC.,<br><br>Defendants | Case No.: 2:23-cv-01120-APG-DJA<br><br>**Order Remanding Case for Lack of Subject Matter Jurisdiction** |

Defendant Superior Overnight Services, Inc. removed this action from state court based on diversity jurisdiction. ECF No. 1.  However, according to the plaintiff's complaint, both the plaintiff and defendant Alex Milano are Nevada citizens. ECF No. 1-1 at 2.  I therefore ordered Superior to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction.

Superior's response does not establish subject matter jurisdiction because Superior concedes it does not know Milano's citizenship. *See* ECF No. 12 at 4, 6 n.11.  Superior argues that Milano has not been properly served, but that does not show that Milano's citizenship should be disregarded for diversity purposes.  Superior is confusing whether procedurally it can remove when there is a forum defendant and whether diversity jurisdiction exists.  Milano is a named defendant in this case and the plaintiffs have alleged he is a Nevada citizen, so his presence in the case destroys diversity.  As the party seeking to invoke this Court's jurisdiction, Superior bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).  It has not done so.

I THEREFORE ORDER that the case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

DATED this 14th day of August, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE